UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION at ASHLAND

| | |
|---|---|
| KERIE ZAVALA, | ) |
| | ) |
| Plaintiff, | ) Civil No. 0: 18-52-HRW |
| | ) |
| V. | ) |
| | ) |
| CECIL WEBB, | ) **MEMORANDUM OPINION** |
| | ) **AND ORDER** |
| Defendant. | ) |

\*\*\* \*\*\* \*\*\* \*\*\*

Kerie Zavala, a resident of Santa Barbara, California, has filed a *pro se* complaint in this Court. [D. E. No. 1] The Court must conduct a preliminary review of the complaint because Zavala has been granted *pauper* status. 28 U.S.C. § 1915(e)(2). When testing the sufficiency of the complaint, the Court affords it a forgiving construction, accepting as true all non-conclusory factual allegations and liberally construing its legal claims in the plaintiff's favor. *Davis v. Prison Health Servs.*, 679 F.3d 433, 437-38 (6th Cir. 2012).

In her complaint Zavala states that Cecil Webb, her former husband, resides in Morehead, Kentucky. Zavala indicates that a court in San Diego, California previously granted custody over their three minor children to Webb. Zavala asserts that Webb and his current spouse have been and are physically and/or sexually abusive to the children. Zavala indicates that she "would like to make this a

1

federal case" and to press charges against Webb. Zavala invokes this Court's federal question jurisdiction, citing the "PKPA" and the "UCCJEA." [D.E. No. 1 at 1-2, 7-8] The Court has thoroughly reviewed the complaint, but concludes that its allegations and requests for relief are not properly before this Court.

As a preliminary matter, a request to file criminal charges against a person must be directed to local police. This is a court of law, and as part of the judicial branch it may adjudicate criminal charges filed by federal prosecutors, but it does not file such charges itself or order prosecutors to file them against others.

Zavala refers to the Parental Kidnapping Prevention Act, 28 U.S.C. § 1738A ("PKPA"), and the Uniform Child Custody Jurisdiction Act ("UCCJEA") as grounds for relief. [D. E. No. 1 at 2] The PKPA and UCCJEA are laws designed to prevent forum shopping in child custody disputes by precluding any state outside the "home state" where the child has lived for the last six months from modifying a court order regarding child custody.

However, neither law establishes a basis for this Court to assume jurisdiction over Zavala's claims. Both apply to child custody proceedings in state courts; they do not confer federal jurisdiction over child custody matters. Federal courts have limited "subject matter" jurisdiction, meaning they can only decide certain kinds of cases. *Palmore v. United States*, 411 U.S. 389, 400-01 (1973). The PKPA creates no federal cause of action, and therefore this Court lacks jurisdiction over a

2

challenge to a child custody order issued by any State. *Thompson v. Thompson*, 484 U.S. 174, 181-84 (1988) (holding that PKPA established a federal requirement that states give full faith and credit to another state's child custody determination, but did not create private right of action to enforce its provisions). Likewise, the UCCJEA (or more correctly, Kentucky's enactment of it in Ky. Rev. Stat. 403.800-.880) "does not create any federal right of action, as it is a state procedural act." *Becker v. State of California*, 17 F. 3d 393, 1994 WL 41073 (9th Cir. 1994).

Thus, neither PKPA nor UCCJEA establish federal subject matter jurisdiction over Zavala's child custody claims. *Smith ex rel. Smith v. Pines Treatment Center*, 472 F. Supp. 2d 784, 786 (E.D. Va. 2007) (citing *Mensah v. St. Joseph County Family Indep. Agency*, 187 F.3d 636, 1999 WL 623733, at *2 (6th Cir. Aug. 11, 1999). The Court must therefore dismiss this action, without prejudice to Zavala's right to assert her claims in a court of competent jurisdiction.

Accordingly, it is **ORDERED** as follows:

1. Zavala's complaint [D.E. No. 1] is **DISMISSED** without prejudice.

2. This matter is **STRICKEN** from the active docket.

This 25th day of April, 2018.



Signed By:
*Henry R. Wilhoit, Jr.*
United States District Judge